IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LAMONT D. DRAYTON,           )<br>          Plaintiff,           )<br>                                           )<br>v.                                        )<br>                                           )<br>                                           )<br>SGT. NEWMAN, *et al.*,            )<br>          Defendants.           )  | Civil Action No. 7:22-cv-00574<br><br><u>ORDER</u><br><br>By: Joel C. Hoppe<br>United States Magistrate Judge |

Lamont D. Drayton, a Virginia inmate proceeding *pro se*, filed a complaint in this matter pursuant to 42 U.S.C. § 1983 (Dkt. No. 1), which the court later allowed him to supplement, (Dkt. No. 7). His complaint asserts excessive force claims and assault and battery claims against five defendants, arising from an incident that occurred in his cell on June 24, 2022. It also includes a fifth defendant, Richardson, who appears to have been involved only in escorting Drayton to the medical department and documenting his injuries, and perhaps had some involvement in his subsequent placement in a "suicide cell," where he was housed after the incident, from June 24, 2022 to July 9, 2022.

By order entered February 1, the court addressed several of Drayton's post-complaint filings, advising him that he could not file multiple documents with the court in an attempt to amend his complaint. (Dkt. No. 37.) The court ordered that, by March 3, 2023, Drayton either respond to defendants' motion for summary judgment or file a motion to amend with a proposed amended complaint. (*Id.*) Subsequent to that order, both Drayton and defendants have filed a number of motions and other documents, some of which are addressed herein.

Notably, defendants' summary judgment motion seeks judgment in their favor primarily on the grounds that Drayton failed to exhaust his administrative remedies, and also asserts that he has failed to state a claim against defendant May. (*See generally* Dkt. Nos. 29, 30.) That motion

remains pending, but Drayton has not filed a direct response to it.[1] Instead Drayton has filed two of his own motions for summary judgment (Dkt. Nos. 38, 39), which defendants oppose on the grounds that they are not proper summary judgment motions and do not point to any record evidence for support, as required by Federal Rule of Civil Procedure 56 (Dkt. No. 42).

Drayton also has filed a number of documents that have been docketed as motions to amend or correct his complaint and some that could be construed as amended complaints, or documents that otherwise appear to contain new allegations. (Dkt. Nos. 41, 44, 45, 47, 48.) These do not seek to add new defendants, but they appear to be attempting to add new claims, as different documents contain references to retaliation, due process, and defendants being deliberately indifferent to the inhumane conditions in his suicide cell.

Also in several documents, including one docketed as a request for production of documents (Dkt. No. 40), Drayton appears to be asking for discovery. In response to that, defendants have filed a motion to stay all merits-based discovery (Dkt. No. 43), which is also pending before the court.

Having reviewed the record in this case, it is hereby **ORDERED** that Drayton's various motions to amend, with or without proposed amended complaints, are **DENIED WITHOUT PREJUDICE**. As the court previously advised Drayton, he may not file numerous separate documents that must be considered together to constitute his complaint. If Drayton wants to

---

[1] In some of his filings, as he did in his complaint, Drayton has included allegations or statements related to difficulties in exhausting his remedies. For example, he states that he could not file a grievance while he was being housed in the "suicide cell," where he was not permitted to have a pen, pencil, or paper. (*See, e.g.*, Compl. 3, Dkt. No. 1; Dkt. No. 39, at 2 (alleging that he was stopped from filing a written grievance in a timely fashion because he was in the suicide cell without pen or paper for 14 days); Dkt. No. 40 at 1 (saying he asked Richardson to help him write a grievance, but Richardson told him to wait until he got out of the suicide cell).) Drayton also alleges that he wrote to the institutional or regional ombudsman at some point, but never heard back. (Compl. 1, 3 (alleging that he submitted a regular grievance telling the institutional intake ombudsman to preserve all surveillance video footage, but did not hear back); *see also* Dkt. No. 39-1 (a "regular grievance" dated August 2, 2022, that appears to have been received by the staff at his facility, which also was attached to defendants' motion for summary judgment).)

amend his complaint to add additional claims, **he must file a single motion to amend with a single proposed amended complaint at the same time**. The proposed amended complaint should contain all of his claims against all defendants, preferably numbered or in separate sections that contain a title of the claim. The proposed amended complaint should set forth facts indicating what each defendant did that Drayton believes violated his rights. Drayton must file his motion to amend and his proposed amended complaint by April 10, 2023, or the court will consider only the allegations and claims stated in his complaint (Dkt. No.1), as supplemented (Dkt. No. 7).

It is further **ORDERED** that Drayton must file a response to the motion for summary judgment within thirty days. This response should address only the issues, arguments, and evidence raised by defendants in their motion for summary judgment, including their arguments concerning his alleged failure to exhaust. (Dkt. No. 29.) If Drayton fails to file a response, the court will assume that he agrees with what defendants state in their motion, and it may dismiss the case without prejudice. (*See* Dkt. No. 31 (*Roseboro* notice explaining same).)

Lastly, the court considers defendants' motion to stay all merits-based discovery pending a decision on their summary judgment motion. (Dkt. No. 43.) Because they seek summary judgment primarily on exhaustion grounds (and also claim that the complaint fails to state a claim against defendant May), they contend that merits-based discovery should be stayed until the court rules on their exhaustion defense. The court concludes that the requested stay is appropriate and should be granted. *See Tilley v. United States*, 270 F. Supp. 2d 731, 734 n.1 (M.D.N.C. 2003) (explaining that it is within a court's discretion to stay discovery pending resolution of a dispositive motion). In determining whether to issue a stay in this circumstance, the court considers factors such as "the potential for the dispositive motion to terminate all the

3

claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue in the dispositive motion." *Nat'l Coatings & Supply, Inc. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 9813550, at *1 (E.D.N.C. Oct. 15, 2020) (citations omitted).

Having considered those factors, the court concludes that the requested stay is warranted. First, if the motion for summary judgment were granted, it would result in the dismissal of all of Drayton's current claims. Second, the discovery Drayton has sought does not appear to relate to exhaustion, but to the merits of his claims. Third, Drayton should have within his knowledge facts pertaining to his efforts or attempt to exhaust, so discovery is not needed in order to respond to the summary judgment motion on that issue. Nonetheless, if there are documents he believes he needs to respond only to the issue of exhaustion, he may request them. But staying merits-based discovery would serve the purpose of judicial economy and conserving the resources of the parties and the court.

For all these reasons, it is **ORDERED** that defendants' motion to stay (Dkt. No. 43) is **GRANTED**, and all merits-based discovery is hereby **STAYED**, pending a ruling on defendants' motion for summary judgment.

## CONCLUSION

To summarize the above rulings, it is hereby **ORDERED** that

1. Drayton's various motions to amend (Dkt. Nos. 44, 45, and 48) are **DENIED**.
2. Within thirty days, Drayton **must file** a single motion to amend with a single proposed amended complaint containing all of his claims, or the court will consider only the allegations and claims stated in his complaint (Dkt. No.1), as supplemented (Dkt. No. 7). Also within thirty days, Drayton **must file** a response to the summary

4

judgment motion, or his case may be dismissed.

3. Defendants' motion to stay all merits-based discovery (Dkt. No. 43) is **GRANTED**, and merits-based discovery is hereby **STAYED** pending a decision on defendants' motion for summary judgment.

All three summary judgment motions remain pending at this time, and will be ruled on by the presiding district judge in due course.

The Clerk shall send a copy of this order to the parties, and shall also send to Drayton a blank form to be used for filing an amended complaint.

It is so ORDERED.

                                                                                         ENTER: March 8, 2023

                                                                                         /s/ Joel C. Hoppe
                                                                                         United States Magistrate Judge

AMENDED COMPLAINT

IN THE UNITED STATES DISTRICT COURT
Western District of Virginia

Dillon
_____
District Judge
(Assigned by Clerk's Office)

Hoppe
_____
Mag. Referral Judge
(Assigned by Clerk's Office)

CIVIL ACTION NO. 7:22cv00574
(Assigned by Clerk's Office)

For use by Inmates filing a Complaint under

**CIVIL RIGHTS ACT, 42 U.S.C. §1983 or <u>BIVENS v. SIX UNKNOWN NAMED AGENTS OF FED. BUREAU OF NARCOTICS, 403 U.S.C. §388 (1971)</u>**

Lamont D. Drayton                                        1145204
_____              _____
Plaintiff Name                                           Inmate No.
         v.

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

**IF YOU NEED TO ADD MORE DEFENDANTS, USE A SEPARATE SHEET OF PAPER, AND PUT NAME AND ADDRESS FOR EACH NAMED DEFENDANT.
TITLE THE SECOND PAGE "CONTINUED NAMED DEFENDANTS"**

*********************************************************************************************

**A. <u>Where are you now?</u>** Name ***and*** Address of Facility:

_____

_____

    **B.**    Where did this action take place?

    _____

    **C.**    Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

        _____ Yes      _____ No

    If your answer to A is Yes, answer the following:

        1.  Court: _____

        2.  Case Number: _____

    **D.**    Have you filed any grievances regarding the facts of this complaint?

        _____ Yes      _____ No

    1.  If your answer is Yes, indicate the result:

    _____

    2.  If your answer is No, indicate why:

    **E.**    Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes**. If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

_____

_____

_____

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:
(Additional Supporting Facts may be placed on a separate paper titled ADDITIONAL SUPPORTING FACTS)

_____

_____

_____

F.  State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

_____

_____

_____

G.  If this case goes to trial, do you request a trial by jury?   Yes_____   No _____

H.  If I am released or transferred, I understand it is my responsibility to immediately notify the court <u>in writing</u> of any change of address *after* I have been released or transferred or my case may be dismissed.

DATED:_____   SIGNATURE: _____

VERIFICATION:
I,_____, state that I am the plaintiff in this action, and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED:_____   SIGNATURE: _____

Updated  9/9/22

When submitting handwritten documents, leave enough space at the top, the bottom, and the sides. Those documents are scanned into the Court's database by hand, which is then the official record.

Please do not use tape or staples on documents.